# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------x

GERALD A. GARBER,                                    INDEX NO. 610588/2024

                    PLAINTIFF,

            -Against-

SKECHERS USA, INC. and AMAZON. COM, INC.,

                    DEFENDANTS.
-----------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

> 1)     The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

> 2)     You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- pay any court fees on-line (credit card needed).



**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or

- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at **www.nycourts.gov**

To find legal information to help represent yourself visit **www.nycourthelp.gov**

**Information for Attorneys**

**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site **www.nycourts.gov/efile**; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operated such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

DATED:    New York, New York
          June 18, 2024

                                        Yours, etc.
                                        GARBER LEGAL PLLC

                                        By: _____

                                        GREG GARBER, ESQ.
                                        Attorney for Plaintiff
                                        263 Bowery - 3rd Floor
                                        New York, N.Y. 10002
                                        (212) 779-2740
                                        Email: GREG@GARBERLEGAL.COM

Defendants' Addresses:
SKECHERS USA, INC.
DEFENDANT
225 S Sepulveda Boulevard
Manhattan Beach, California 90266

AMAZON.COM, INC.
DEFENDANT
410 Terry Avenue N
Seattle, Washington 98109

1450 S. Eads Street
Arlington, VA 22202

Page 2 of 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

----------------------------------------------------------------------x

GERALD A. GARBER,

                                        PLAINTIFF,          **S U M M O N S**

                             -against-            FILED ON: 06/18/24

SKECHERS, USA, INC. and                  INDEX NO. 610588/2024
AMAZON.COM, INC

                               DEFENDANTS.

----------------------------------------------------------------------x

**TO THE ABOVE NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney, within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        The basis of the venue designated is the plaintiff's residence.

DATED:      New York, New York
            June 18, 2024

                                      Yours, etc.
                                      GARBER LEGAL PLLC

                                      By: _____
                                      GREG GARBER, ESQ.
                                      Attorney for Plaintiff
                                      263 Bowery - 3rd Floor
                                      New York, N.Y. 10002
                                      (212) 779-2740

TO:    SKECHERS USA, INC.
       DEFENDANT
       225 S Sepulveda Boulevard
       Manhattan Beach, California 90266

       AMAZON.COM, INC.
       DEFENDANT
       410 Terry Avenue N
       Seattle, Washington 98109

       1450 S. Eads Street
       Arlington, VA 22202

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x
GERALD A. GARBER,                                               INDEX NO. 610588/2024

PLAINTIFF,

-Against-                                                   V E R I F I E D   C O M P L A I N T

SKECHERS USA, INC. and AMAZON. COM, INC.,

DEFENDANTS.
------------------------------------------------------------------x

PLEASE TAKE NOTICE that the above captioned Plaintiff, complaining of the above
captioned Defendants by his undersigned attorney, alleges upon information and belief, as
follows:

1. The PLAINTIFF, Gerald A. Garber, is at all times relevant to this action, an
   individual residing at 75 Meadow Woods Road, Great Neck, New York 11020,
   County of Nassau.

2. The DEFENDANT, SKECHERS, USA, Inc., (hereinafter "SKECHERS") is a
   corporation created and existing pursuant to the laws of the State of California, with
   its principal place of business located at 225 S Sepulveda Boulevard, Manhattan
   Beach, Florida 90266.

3. That at all times relevant to this action, the DEFENDANT SKECHERS has regularly
   and continuously transacted business within the State of New York and continues to
   do so through the date hereof.

4. That the DEFENDANT AMAZON.COM, INC., (hereinafter "AMAZON") is a
   corporation created and existing pursuant to the laws of the State of Washington, with
   its principal place of business located at 410 Terry Avenue N, Seattle, Washington.

5. That the DEFENDANT AMAZON.COM, INC. (hereinafter "AMAZON") is a corporation created and existing pursuant to the laws of the State of Virginia, with its principal place of business located at Crystal City in Arlington, Virginia.

6. That at all times relevant to this action, the DEFENDANT AMAZON has regularly and continuously transacted business within the State of New York and continues to do so through the date hereof

7. That all causes of action pleaded in this complaint fall within one or more of those exceptions set forth in CPLR 1602 et. Seq.

**AS AND FOR A FIRST SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT SKECHERS**

8. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs designated "1" through "7" inclusive, as if said allegations were set forth in their entirety herein.

9. That in or about March of 2023, the PLAINTIFF, through a third party, purchased a pair of DEFENDANT SKECHERS "GO WALK" foot ware (hereinafter "foot ware").

10. That the DEFENDANT SKECHERS had represented this foot ware was safe to wear for prospective purchasers.

11. That the PLAINTIFF relied upon the representations by the DEFENDANT SKECHERS that this GO WALK foot ware was safe to wear.

12. That at the time that DEFENDANT SKECHERS offered this foot ware for sale, it knew, or should have known, that this GO WALK foot ware presented a danger of

falling and subsequent personal injury, to prospective wearers of this foot ware, including the PLAINTIFF herein.

13. That on or about the 8ᵗʰ day of August, 2023, the PLAINTIFF, while wearing the DEFENDANT SKECHERS'S aforementioned GO WALK  foot ware, was caused to fall.

14. That as a result of this fall as aforesaid, the PLAINTIFF suffered serious and permanent personal injuries.

15. That this fall that the PLAINTIFF suffered was caused solely as a result of the defective nature and design of the DEFENDANT SKECHERS'S foot ware and in no way caused by any fault on behalf of the PLAINTIFF.

16. That the DEFENDANT SKECHERS'S representations that the foot ware was safe for users of this type of foot ware was false.

17. That at the time that DEFENDANT SKECHERS made these representations, the DEFENDANT SKECHERS knew that these representations were false, in that the DEFENDANT SKECHERS had prior notice of certain defects in the soles of this type of foot ware and that other users of this type of SKECHER'S foot ware had suffered similar falls to that suffered by the PLAINTIFF herein.

18. That the PLAINTIFF was injured as a result of the DEFENDANT SKECHERS'S fraudulent representations.

19. That in acting carelessly, recklessly and in disregard of knowing the potential dangers of falling while wearing this type of DEFENDANT SKECHER'S foot ware, the PLAINTIFF is entitled to punitive damages, in addition to all other money damages to which the PLAINTIFF would otherwise be entitled to.

20. That accordingly, the PLAINTIFF is entitled to an award of money damages against the DEFENDANT SKECHERS in an amount in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter.

**AS AND FOR A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT SKECHERS**

21. The PLAINTIFF repeats, reiterates and realleges all of those allegations contained in paragraphs designated "1" through "20" hereof inclusive, as if said allegations were set forth in their entirety herein.

22. The DEFENDANT SKECHERS'S foot ware that the PLAINTIFF was wearing when he suffered the fall on August 8th, 2023, was defectively designed.

23. That at the time the SKECHERS GO WALK foot wear were designed, the proper and correct state of the art in the design of this type of foot wear was known and available to be known in the foot wear manufacturing and design industry.

24. The defective design of the DEFENDANT SKECHERS'S foot wear as stated herein, was the sole proximate cause of the PLAINTIFF'S fall on August 8th, 2023 and the subsequent and consequential personal injuries suffered by the PLAINTIFF.

25. The soles of the SKECHER'S foot ware worn by the PLAINTIFF on August 8th, 2023 were designed defectively in that while walking upon certain shiny, smooth or polished surfaces, an ordinary user, including the PLAINTIFF herein, was likely to fall, in that the soles created a suction or sticking like condition, unknown or unanticipated by the wearer, including the PLAINTIFF herein, as well as other defective design flaws.

26. The design of the DEFENDANT SKECHERS'S GO WALK foot ware as aforesaid, was careless and negligent.

27. This negligence by the DEFENDANT SKECHERS in the design of this particular type of SKECHER'S GO WALK foot wear was the sole proximate cause of the fall suffered by the PLAINTIFF on August 8th, 2023, as well as the subsequent personal injuries suffered by the PLAINTIFF.

28. And that as a result of the DEFENDANT SKECHERS'S carelessness and negligence in the design of the particular type of DEFENDANT SKECHER'S GO WALK foot wear worn by the PLAINTIFF on August 8th, 2023, the PLAINTIFF suffered serious and permanent personal injuries.

29. The PLAINTIFF for himself, was in no way responsible for the fall he suffered, while wearing the DEFENDANT SKECHERS'S foot wear on August 8th, 2023.

30. Accordingly, the PLAINTIFF alleges that he is entitled to an award of money damages against the DEFENDANT SKECHERS in an amount in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter.

31. In that DEFENDANT SKECHERS acted wantonly and recklessly in continuing to design the type of SKECHER'S GO WALK foot ware that was sold to the PLAINTIFF and worn by the PLAINTIFF on August 8th, 2023, despite having knowledge of the defect, the PLAINTIFF alleges that in addition to all other money damages to which he is entitled, is entitled to an award of additional punitive money damages against the DEFENDANT SKECHERS in such amounts to be determined by the trial Court.

**AS AND FOR A THIRD SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT SKECHERS**

32. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs designated "1" through "31" inclusive, as if said allegations were set forth in their entirety herein.

33. The SKECHERS'S GO WALK foot ware that the PLAINTIFF was wearing when he was caused to fall on August 8th, 2023, were defectively manufactured by the DEFENDANT SKECHERS.

34. The defective manufacture of the DEFENDANT SKECHERS'S GO WALK foot wear that the PLAINTIFF was wearing on August 8th, 2023, was the sole proximate cause of the PLAINTIFF's fall and subsequent injuries that he sustained.

35. The soles of the SKECHERS'S GO WALK foot wear that that PLAINTIFF was wearing on August 8th, 2023 were defectively manufactured in that while walking upon certain shiny, smooth or polished floor surfaces, an ordinary user, including the PLAINTIFF herein, was likely to fall, in that the soles created a suction or sticking like condition, unknown to or unanticipated to the wearer, including the PLAINTIFF herein, as well as other manufacturing defects.

36. The manufacture of the particular SKECHERS'S GO WALK foot wear being worn by the PLAINTIFF on August 8th, 2023 was defective, negligent and careless.

37. That the negligence of the DEFENDANT SKECHERS in the manufacture of the particular GO WALK foot wear being worn by the PLAINTIFF on August 8th, 2023, was the sole proximate cause of the fall suffered by the PLAINTIFF on August 8th,

2023 and the subsequent serious and permanent injuries that he suffered and continues to suffer.

38. That the PLAINTIFF for himself, was in no way responsible for the fall that he suffered and subsequent and consequential serious and permanent injuries that he suffered as a result of that fall.

39. That accordingly, the PLAINTIFF alleges that he is entitled to an award of money damages against the DEFENDANT SKECHERS in an amount in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter.

40. In that the DEFENDANT SKECHERS acted wantonly and recklessly in continuing to manufacture and sell the type of SKECHERS GO WALK foot wear that was worn by the PLAINTIFF on August 8th, 2023, despite having had knowledge and notice of the defect, the PLAINTIFF alleges that in addition to all other money damages to which he is entitled, is entitled to an award of punitive money damages in such amounts to be determined by the trial Court.

**AS AND FOR A FOURTH SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT SKECHERS**

41. The PLAINTIFF repeats, reiterates and realleges each and every allegation contained in paragraphs designated "1" through "40" inclusive, as if said allegations were set for in their entirety herein.

42. That prior to March of 2023, the DEFENDANT SKECHERS was made aware, or with due diligence, should have been made aware, that there were incidents of users of the DEFENDANT'S GO WALK foot ware experiencing falls as a result of the

soles of this foot ware "sticking" to the surface, or creating a "suction like effect" while walking.

43. Upon learning of these incidents involving the DEFENDANT SKECHERS'S foot ware, the DEFENDANT was under an obligation to warn users, as well as potential users of this type of SKECHERS foot ware, including the PLAINTIFF herein, of the known defects and the possibility of falling.

44. Upon learning of these incidents involving the DEFENDANT SKECHERS'S foot ware, the DEFENDANT should have ordered a recall of this type of SKECHERS foot ware.

45. As the manufacturer and seller of this particular type of GO WALK foot ware, the DEFENDANT was under an obligation to warn potential users, including the PLAINTIFF herein, of any know risks while wearing this type of foot ware.

46. Upon information and belief, the DEFENDANT SKECHERS knew, or with reasonable inquiry should have known, that many users of their GO WALK foot ware had suffered falls because of issues with the soles of these shoes.

47. That after having notice of the potential dangers and risks of injury to users of its GO WALK foot ware, the DEFENDANT SKECHERS owed a legal duty and obligation to actual and potential users of their GO WALK foot ware, including the PLAINTIFF herein, to warn and advise them of the known dangers of falling.

48. That despite having been made aware of these falling incidents caused by the soles of their foot ware, the DEFENDANT SKECHERS negligently and carelessly continued marketing and selling this type of GO WALK foot ware to the general public,

including to the PLAINTIFF herein, as well as to the Plaintiff's son, who purchased the GO WALK foot ware, at the request of the Plaintiff.

49. That in so doing, the DEFENDANT SKECHERS breached its duty and obligation that it owed to warn users, as well as potential users of this type of foot ware, including the PLAINTIFF herein, of know dangers involved in the wearing of its GO WALK foot ware.

50. That as a result of this breach of duty and obligation owed by the DEFENDANT SKECHERS to users, as well as potential users of its GO WALK foot ware, including the PLAINTIFF herein, to warn of the potential dangers and risks of wearing the GO WALK foot ware, the PLAINTIFF was seriously and permanently injured.

51. That accordingly, the PLAINTIFF alleges that he is entitled to an award of money damages against the DEFENDANT SKECHERS in an amount in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter.

52. And in addition to any damages that the PLAINTIFF is entitled to recover against the DEFENDANT SKECHERS, the PLAINTIFF alleges that he is entitled to recover PUNITIVE damages against the DEFENDANT SKECHERS in such amounts to be assessed by the trial Court.

**AS AND FOR A FIFTH SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAIST THE DEFENDANT SKECHERS**

53. The PLAINTIFF repeats, reiterates and realleges all of those allegations contained in paragraphs designated "1" through "52" hereof, as if such allegations were set forth in their entirety herein.

54. Section 2-314 of the Uniform Commercial Code ("UCC") of the State of New York provides each purchaser of goods within the State of New York with an implied warranty of merchantability.

55. Pursuant to that provision of law, i.e. UCC Section 2-314, the DEFENDANT SKECHERS impliedly warranted that the GO WALK foot ware purchased by the PLAINTIFF was fit for ordinary purposes for which it was originally intended to be used.

56. PLAINTIFF used the SKECHERS GO WALK foot ware in question that he was sold by the DEFENDANT SKECHERS, in a normal and ordinary manner.

57. That despite having used the SKECEHERS GO WALK in a normal and ordinary manner, the GO WALK foot ware sold to the PLAINTIFF by the DEFENDANT SKECHERS, was defective and not merchantable.

58. The SKECHERS GO WALK foot ware sold to and used by the PLAINTIFF was defective and caused the PLAINTIFF to fall and suffer serious and permanent injuries.

59. In selling the GO WALK foot ware to the PLAINTIFF in a defective condition, the DEFENDANT SKECHERS breached the implied warranty of merchantability mandated by UCC Section 2-314.

60. PLAINTIFF was injured as a result of DEFENDANT SKECHERS breach of the aforesaid warranty of merchantability provided for by UCC Section 2-314.

61. That accordingly, the PLAINTIFF alleges that he is entitled to recover money damages against the DEFENDANT SKECHERS in an amount in excess of the

jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter.

62. And in addition to any damages that the PLAINTIFF is entitled to recover against the DEFENDANT SKECHERS, the PLAINTIFF alleges that he is entitled to recover punitive damages against the DEFENDANT SKECHERS in such amounts to be assessed by the trial Court.

**AS AND FOR A SIXTH SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT AMAZON.COM, INC.**

63. The PLAINTIFF repeats, reiterates and realleges each and every allegation of this complaint set forth in paragraphs designated "1" through "62" hereof, as if said allegations were set forth in their entirety herein.

64. That the DEFENDANT AMAZON sold the defective SKECHERS'S defective foot ware to the PLAINTIFF in or about March of 2023.

65. That the sale by the DEFENDANT AMAZON of this defective foot ware was made within the State of New York.

66. That the SKECHERS GO WALK foot ware worn by the PLAINTIFF at the time of his accident on August 8th, 2023 was defectively designed.

67. That the SKECHERS GO WALK foot ware worn by the PLAINTIFF at the time of his accident on August 8th, 2023 was defectively designed and manufactured.

68. That prior to the sale of the particular SKECHERS'S GO WALK foot ware as previously alleged herein, the DEFENDANT AMAZON knew, or with reasonable inquiry, should have known, that these SKECHERS GO WALK foot ware were causing falls and injuries to users of this particular type foot ware.

69. That DEFENDANT AMAZON ignored the notices and reports of accidents and injuries that users of this SKECHERS'S foot ware were experiencing and continued offering and actually selling this particular type of SKECHERS GO WALK foot ware to purchasers, including to the PLAINTIFF herein.

70. That the PLAINTIFF was seriously and permanently injured as a result of wearing the defective SKECHERS'S GO WALK foot ware on August 8th, 2023.

71. That pursuant to the applicable laws of the State of New York, the DEFENDANT AMAZON was and remains liable to the PLAINTIFF for any and all damages that he has sustained and continues to sustain, as a result of using the defective SKECHERS'S foot ware as previously alleged herein in this complaint.

72. That pursuant to the applicable laws of the State of New York, the DEFENDANT AMAZON is liable to the PLAINTIFF for all damages that he has sustained and continues to sustain, jointly, as well as severally, together with the DEFENDANT SKECHERS.

73. That accordingly, the PLAINTIFF alleges that he is entitled to recover money damages against the DEFENDANT AMAZON in an amount in excess of the jurisdictional mo0netary limitations of all lower Courts that would otherwise have jurisdiction over this matter.

74. That in as much as the DEFENDANT AMAZON knew, or with reasonable inquiry should have known, that the DEFENDANT SKECHERS'S GO WALK foot ware was defective and that AMAZON continued to sell these defective and dangerous foot ware, the PLAINTIFF alleges that he is entitled to recover punitive damages against the DEFENDANT AMAZON, in addition to all other money damages to

which he entitled pursuant to the laws of the State of New York, in such amounts to be determined by the trial Court in this matter.

**AS AND FOR A SEVENTH SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT AMAZON**

75. The PLAINTIFF repeats, reiterates and realleges each and every allegation of this complaint set forth in paragraphs designated "1" through "74" hereof, as if said allegations were set forth in their entirety herein.

76. That Section 2-314 of the Uniform Commercial Code of the State of New York, provides each purchaser of goods within the State of New York with an implied warranty of merchantability given by the Seller, to wit, the DEFENDANT AMAZON.

77. That pursuant to the aforesaid provision of law (UCC 2-314) the DEFENDANT AMAZON impliedly warranted that the SKECHERS'S GO WALK foot ware in question was fit for ordinary purposes for which it was originally intended to be used.

78. The PLAINTIFF used the DEFENDANT SKECHERS'S GO WALK foot ware in question in a normal and ordinary manner.

79. That despite having used the SKECHERS'S GO WALK foot ware in question in a normal and ordinary manner, the PLAINTIFF was seriously and permanently injured as a result of wearing the defective SKECHERS'S GO WALK foot ware as previously alleged herein.

80. The SKECHERS'S GO WALK sold by the DEFENDANT AMAZON and used by the PLAINTIFF on August 8th, 2023, was defective as previously alleged herein.

81. That in selling the SKECHERS'S GO WALK in question to the PLAINTIFF in a defective and dangerous condition, the DEFENDANT AMAZON breached the implied warranty of merchantability mandated by Section 2-314 of the Uniform Commercial Code of the State of New York.

82. That the PLAINTIFF was seriously and permanently injured as a result of the breach of the warranty of merchantability (UCC 2-314) by the DEFENDANT AMAZON.

83. That accordingly, the PLAINTIFF alleges that he is entitled to recover money damages against the DEFENDANT AMAZON in an amount in excess of the monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter.

84. And in addition to any other money damages that the PLAINTIFF is entitled to recover against the DEFENDANT AMAZON, the PLAINTIFF alleges that he is entitled to recover punitive damages against the DEFENDANT AMAZON in such amounts to be determined and assessed by the trial Court.

**AS AND FOR AN EIGHTH SEPARATE AND DISTINCT CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF AGTAINST THE DEFENDANT AMAZON**

85. The PLAINTIFF repeats, reiterates and realleges each and every allegation of this complaint set forth in paragraphs designated "1" through "84" hereof as if said allegations were set forth in their entirety herein.

86. That the DEFENDANT AMAZON is liable to the PLAINTIFF for all of his injuries and damages on the basis of strict liability.

87. That accordingly, the PLAINTIFF alleges that he is entitled to recover money damages against the DEFENDANT AMAZON in an amount of the monetary

jurisdictional limitations of all lower Courts that would otherwise have jurisdiction over this matter.

88. And in addition to any other money damages that the PLAINTIFF is entitled to as against the DEFENDANT AMAZON, the PLAINTIFF alleges that he is entitled to recover punitive damages against the DEFENDANT AMAZON in such amounts to be determined and assessed by the trial Court.

WHEREFORE and in view of the foregoing, the PLAINTIFF GERALD A. GARBER respectfully demands judgment against the DEFENDANT SKECHERS, USA, INC. in the following amounts:

On the FIRST CAUSE OF ACTION:  In a sum in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter, in addition to punitive damages;

On the SECOND CAUSE OF ACTION: In a sum in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter, in addition to punitive damages;

On the THIRD CAUSE OF ACTION: In a sum in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter, in addition to punitive damages;

On the FOURTH CAUSE OF ACTION: In a sum in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter, in addition to punitive damages;

On the FIFTH CAUSE OF ACTION; In a sum in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter, in addition to punitive damages;

AND against the DEFENDANT AMAZON.COM, INC. in the following amounts:

On the SIXTH CAUSE OF ACTION: In a sum in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter, in addition to punitive damages;

On the SEVENTH CAUSE OF ACTION: In a sum in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter, in addition to punitive damages;

On the EIGHTH CAUSE OF ACTION:  In a sum in excess of the jurisdictional monetary limitations of all lower Courts that would otherwise have jurisdiction over this matter, in addition to punitive damages;

As well as punitive damages on each and every CAUSE OF ACTION pleaded herein, that this Honorable Court may determine and any other relief to which this Honorable Court may determine is fair, appropriate and just at the trial of this action, as well as any other, further and different relief, together with the PLAINTIFF'S attorney's fees, that this Honorable Court may deem just and fair and the costs and disbursements of this action.

DATED:      New York, New York
            June 18, 2024


                                        Yours, etc.
                                        GARBER LEGAL PLLC


                                        By: _____
                                        GREG GARBER, ESQ.
                                        Attorney for Plaintiff
                                        263 Bowery - 3rd Floor
                                        New York, N.Y. 10002
                                        (212) 779-2740

## ATTORNEY VERIFICATION

I, the undersigned an attorney admitted to practice in the Courts of the State of New York, state that I am the principal of the law firm of GARBER LEGAL PLLC., the attorney of record for the plaintiff, GERALD A. GARBER in the within action; I have read the foregoing SUMMONS AND VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true.  The reason this verification is made by me and not the plaintiff is that the plaintiff resides in a county other than where your affirmant maintains his law office.

The grounds of my belief, as to all matters not stated upon my own knowledge are as follows: review of file.

I affirm that the foregoing statements are true under penalties of perjury.


DATED:      New York, New York
            June 18, 2024


_____
GREG GARBER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------------x

GERALD A. GARBER,                                INDEX NO. 610588/2024

             PLAINTIFF,

        -Against-                                **CERTIFICATION**

SKECHERS USA, INC. and AMAZON. COM, INC.,

             DEFENDANTS.
-----------------------------------------------------------------------X

        GREG GARBER, ESQ., an attorney duly admitted to practice law before the Courts of the

State of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of

the Chief Administrator that to the best of my knowledge, information and belief, which was

formed upon personal knowledge of the facts and events that occurred and after a reasonable

inquiry under the circumstances, the presentation of the SUMMONS AND VERIFIED

COMPLAINT and its contents are not frivolous, as the term is defined in Part 130.

DATED:    New York, New York
          June 18, 2024

                            Yours, etc.
                            GARBER LEGAL PLLC

                            By: _____
                            GREG GARBER, ESQ.
                            Attorney for Plaintiff
                            263 Bowery - 3rd Floor
                            New York, N.Y. 10002
                            (212) 779-2740

**INDEX NO. 610588/2024**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

GERALD A. GARBER,

        PLAINTIFF,

   -Against-

SKECHERS USA, INC. and AMAZON. COM, INC.,

       DEFENDANTS.

### SUMMONS AND VERIFIED COMPLAINT

GARBER LEGAL PLLC
Attorney for Plaintiff
263 Bowery - 3rd Floor
New York, NY 10002
(212) 779-2740

Signature Pursuant to Rule 130.1.1.-a

GREG GARBER, ESQ.